UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JERRY LEE BROADIE, )
)
    *Plaintiff*, )
)
v. ) No.: 3:13-cv-302-TAV-HBG
)
SHERIFF JIMMY JONES, *et al.* )
)
    *Defendants*. )

**MEMORANDUM**

This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the Court on the motion to dismiss filed by defendants Jones, Garza, Staples, and Truman; plaintiff's response thereto; plaintiff's motion for default judgment against defendants Davis, Cox, Hously, Anderson and Doe; and their response thereto. The motion to dismiss filed defendants Jones, Garza, Staples, and Truman [Doc. 7] will be **GRANTED**. Plaintiff's motion for default judgment against defendants Davis, Cox, Hously, Anderson, and Doe [Doc. 10] will be **DENIED**. Defendants Davis, Cox, Hously, Anderson, and Doe will be **DISMISSED WITHOUT PREJUDICE**. There being no further proceedings necessary in this matter, this action will be **DISMISSED IN ITS ENTIRETY**.

**I.    Standard of Review**

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff.

*Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th Cir. 1989). Nevertheless, "though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted). The *Twombly* standard applies to all civil actions filed in the U.S. district courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

## II. Factual and Procedural Background

Plaintiff originally filed this action in the Chancery Court of Knox County, Tennessee, during plaintiff's confinement in the Knox County Detention Facility. Plaintiff has since been released from custody. Plaintiff's original complaint alleged a denial of right of access to the courts and named as defendants Sheriff Jimmy Jones, Programs Director Pete Garza, and law librarians Roderick Staples and Chandra Truman. Plaintiff then filed an amended complaint adding as defendants Todd Davis, Debbie L. Cox, John Doe Hously, Robert Anderson, and John Doe. Summons issued for the four defendants named in the original complaint and defendants Jones, Garza, Staples, and Truman were served with process. According to the state court record, summons never issued for the remaining defendants. [Doc. 11, Response to Motion for Default Judgment, Exhibit 1, Certified Copy of Knox County Chancery Court Record]. The original four defendants subsequently removed the case to federal court. [Doc. 1, Notice of Removal].

Defendants Jones, Garza, Staples, and Truman move to dismiss the complaint against them for failure to state a claim upon which relief can be granted. Plaintiff has filed a response to that motion and has also filed a motion for default judgment against the remaining defendants. The remaining defendants, by special appearance, have filed a response to the motion for default judgment.

3

### III. Discussion

#### A. The Motion to Dismiss

Plaintiff alleges that, prior to his transfer from the Morgan County Correctional Complex to the Knox County Detention Facility, he was in the process of filing a state habeas corpus petition and also researching how to file a second or successive federal habeas petition, and thus needed to use the law library. Plaintiff further alleges that, after he was refused use of the law library on September 24, 2012, he began to keep a record of his library usage. According to plaintiff, he was allowed 45 minutes of library time from September 24 to October 1, 2012; 45 minutes from October 2 to October 15, 2012; 30 minutes from October 16 to November 16, 2012; and 45 minutes from November 17 to November 27, 2012. Plaintiff alleges that he was denied the use of the law library on January 31, February 1, and February 4, 2013. [*Id.*, Exhibit 1, Complaint, pp. 4-7].

Plaintiff also alleges the following: after several items of personal property were thrown away after a cell search, he asked defendant Truman for the address of the Tennessee Claims Commission and defendant Truman refused to assist him; he was denied notary service by defendant Garza on November 22, 2012, and was told by defendant Staples that he would have to go through his appointed attorney to get documents notarized; his request to defendant Garza on January 8, 2013, for copies of legal cases was ignored; his request to defendant Staples on January 30, 2013, for information on filing a federal habeas petition was ignored; and his request to defendant Truman on January 31, 2013, for information on

4

ex post facto laws was ignored. [*Id*. at 6-7]. Plaintiff further alleges that he wrote letters to defendant Jones and filed grievances in which he complained that he was being denied reasonable access to the law library, which defendant Jones ignored.

"Prisoners have a right of access to the courts. In order to state a claim for denial of meaningful access to the courts, however, plaintiffs must plead and prove prejudice stemming from the asserted violation." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citations omitted). *See also Lewis v. Casey*, 116 S. Ct. 2174, 2180 (1996). The question is whether the plaintiff was "actually impeded in his access to the courts." *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985).

Plaintiff makes the conclusory allegation that he was denied meaningful access to the courts by lack of access to a law library. However, he states no facts in his complaint to show that he was actually prejudiced by the alleged violation. Conclusory allegations, without more, fail to state a claim for which relief can be granted under 42 U.S.C. §1983. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102 (6th Cir. 1985).

In addition, plaintiff does not allege that the named defendants were responsible for denying him access to the law library. The only specific allegations against the individual defendants are that defendant Truman refused to provide the address of the Tennessee Claims Commission or information on ex post facto laws; that defendant Garza denied notary service on one occasion and denied plaintiff copies of legal cases; and that defendant Staples refused

5

to provide information on federal habeas law. These allegations of isolated conduct, without more, fail to state a claim for relief under § 1983.

With respect to defendant Jones, plaintiff alleges that, as the sheriff of Knox County, Tennessee, he is responsible for protecting the civil rights of those in his custody. In a suit brought under § 1983, however, liability cannot be imposed solely on the basis of respondeat superior. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The law is well-settled that a plaintiff must allege that a defendant official was personally involved in the unconstitutional activity of a subordinate in order to state a claim against such a defendant. *Dunn v. State of Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982).

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Bellamy v. Bradley*, 729 F.2d at 421. "[L]iability cannot be based solely on the right to control employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Moreover, simply failing to act after learning of a subordinate's unconstitutional conduct will not impose liability upon a supervisory official. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). *See also Henry v. Pogats*, No. 93-2462, 1994 WL 462129 at *2 (6th Cir. August 25, 1994) (unpublished decision) (citing *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir.1988)) ("A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory

6

personnel under § 1983."). Plaintiff does not claim that defendant Jones was personally involved in the alleged lack of access to the law library and thus has failed to state a claim under § 1983 against him.

Plaintiff's complaint fails to state a claim against defendants Jones, Garza, Staples, and Truman. For that reason, their motion to dismiss is well-taken and will be granted.

### B. The Remaining Defendants

The complaint was filed on in the Knox County Chancery Court on February 13, 2013, the amended complaint was filed on February 21, 2013, and the case was removed to this Court on May 29, 2013. Defendants Davis, Cox, Hously, Anderson and Doe have not been served with a copy of the complaint as amended within 120 days of the filing date. Accordingly, plaintiff's motion for default judgment against defendants Davis, Cox, Hously, Anderson, and Doe is not well-taken and will be denied. In addition, this action should be dismissed without prejudice as to defendants Davis, Cox, Hously, Anderson, and Doe pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## IV. Conclusion

The motion to dismiss by defendants Jones, Garza, Staples, and Truman will be **GRANTED**. Plaintiff's motion for default judgment against defendants Davis, Cox, Hously, Anderson, and Doe will be **DENIED**. Defendants Davis, Cox, Hously, Anderson, and Doe will be **DISMISSED WITHOUT PREJUDICE**. There being no further proceedings necessary in this matter, this action will be **DISMISSED IN ITS ENTIRETY**. The Court

will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

8